NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1354

CENTRAL SQUARE, LLC[1]

vs.

JONATHAN STIEBEL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Jonathan Stiebel, the defendant (tenant), appeals from an order of a panel of the Appellate Division of the District Court (Appellate Division) dismissing his appeal after he failed to file a brief.  We affirm.

While we have reviewed the voluminous record, we do not attempt to summarize the entirety of the litigation between the parties; instead we highlight those portions of the record that are necessary to frame the legal issues presented on appeal. The plaintiff landlord filed a summary process complaint in the Cambridge District Court against the tenant on July 31, 2023.

---

[1] The summary process action was commenced by Central Square, LLC's property manager, Hunneman Management Company, on behalf of Central Square, LLC.

Three months later, on October 5, 2023, a default judgment for possession entered for the landlord, and on October 27, 2023, a judge denied a motion to vacate the default. On November 16, 2023, a second judge denied another motion to vacate. The tenant filed a notice of appeal and the tenant's appeal entered in the Appellate Division on February 7, 2024. By an order dated March 5, 2024, the Appellate Division established a briefing schedule with the tenant's brief due thirty days from the date of the order. As the deadline approached, the tenant filed, on March 27, 2024, a motion to extend the deadline by sixty days. By the time it considered the tenant's motion on April 23, 2024, the Appellate Division noted that the deadline had passed, denied the sixty-day extension because the tenant had failed to show good cause, and set a new deadline of May 7, 2024. On May 6, 2024, the tenant filed a notice of appeal from the April 23, 2024, order and a motion to stay the proceedings. The tenant never filed a brief. On May 17, 2024, the Appellate Division denied the motion to stay and dismissed the appeal "for failure to file a brief within the time as extended." The matter is now before us on the tenant's timely notice of appeal from the May 17, 2024, order of dismissal.

We disagree with the tenant's contention that the Appellate Division lacked jurisdiction to dismiss his appeal. The

2

Appellate Division had jurisdiction to hear the appeal from the Cambridge District Court.  See G. L. c. 231, § 108 ("party to a cause brought in the municipal court of the city of Boston, or in any district court, aggrieved by any ruling on a matter of law by a trial court justice, may as of right, appeal the ruling for determination by the appellate division pursuant to the applicable rules of court").  Where, as here, the appealing party fails to prosecute the appeal, the Appellate Division "may order the cause to proceed as though no appeal had been filed." Id.  See G. L. c. 231, § 108; Dist./Mun. Cts. R.A.D.A. 19(c) (where "appellant fails to file a brief within the time provided by these rules, or within the time as extended by the trial court or Appellate Division . . . the Appellate Division may sua sponte dismiss the appeal").

We see nothing in the governing statute or court rules that supports the tenant's wide-ranging arguments suggesting that the Appellate Division lacked the discretion to dismiss his appeal. We also discern no abuse of that discretion on this record where the defendant failed to file a brief by the extended deadline. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (no abuse of discretion where decision within "range of reasonable alternatives").  "The right to resort to the judiciary for determination and enforcement of rights and liabilities is not

unlimited, and it is not without obligations." State Realty Co. of Bos. v. MacNeil Bros. Co., 358 Mass. 374, 378-79 (1970). Litigants have an obligation to "prosecute their cases with reasonable diligence," and judges may "deny further consideration of cases which the litigants have unreasonably failed, neglected or refused to prosecute." Id. at 379.

Neither the tenant's pro se status nor his claims of disability require a different result. Although a court must "provide a self-represented party with a meaningful opportunity to present [a] case," CMJ Mgt. Co. v. Wilkerson, 91 Mass. App. Ct. 276, 283 (2017), "the statutes and rules of procedure 'bind a pro se litigant as they bind other litigants.'" Wilbur v. Tunnell, 98 Mass. App. Ct. 19, 25 n.10 (2020), quoting Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985). Similarly, "[j]udges should allow 'reasonable' requests for accommodation from court users with disabilities, i.e., those that do not fundamentally alter the nature of the court's services, programs, or activities, or result in an undue financial or administrative burden." Judicial Guidelines for Civil Cases with Self-Represented Litigants § 2.4 commentary (2025).

The tenant's central claim, if accepted, would "fundamentally alter the nature of the service provided," Tennessee v. Lane, 541 U.S. 509, 532 (2004), by the Cambridge

4

District Court's clerk's office by requiring it to compile the record for him.  He contends that he did not file a brief because he was waiting for that office to produce, for his inspection, a record for his review -- a record, of more than seven hundred pages by his own account, consisting of documents that he either sent or received during the course of the litigation in the District Court.  In a civil case such as this, however, the responsibility for preparing the record is squarely on the appealing party, not the clerk's office.  Dist./Mun. Cts. R.A.D.A. 8C(b)(2) ("appellant's duty to provide an adequate record to the Appellate Division").  Thus, the tenant's justification for his inaction rested on the false premise that the clerk's office had a duty to compile the record for his perusal in a timely fashion and in a format acceptable to him.

Decision and order of the
    Appellate Division
    affirmed.

By the Court (Sacks,
    Hodgens & Toone, JJ.[2]),

<em>Paul Little</em>

Clerk

Entered:  July 2, 2026.

---

[2] The panelists are listed in order of seniority.

5